KATE B. ELLIS *v.* P. D. WITTY ET AL., EXECUTORS.

1. EXECUTORS, BOND OF.—*Meaning of "estate." Sections* 1981, 1995, *Code of* 1880, *distinguished.*

   Section 1981, Code of 1880, which provides that an executor or administrator must give bond "in such penalty as will be equal to the full value of the estate, at least," relates to the rights, powers, and duties of an executor or an administrator with the will annexed. Therefore, the term "estate" in that statute must be construed with reference to the will, and must mean such estate, either real or personal or both, as may be committed thereby to the charge of such executor or administrator. But § 1995, Code of 1880, which provides that an administrator shall give bond "in a penalty at least equal in value to all the personal estate," relates to an administrator without the will annexed, and hence the penalty of the bond is fixed at the value of such estate as the law determines shall be under his charge.

2. SAME. *Power to charge whole estate. Extent of bond.*

   W. died, leaving a will which authorized his executor to continue testator's mercantile business after his death, and to charge his "estate" with debts contracted in carrying on such business, if, in the judgment of the executor, the interest of the estate demanded it. *Held,* that under such will, *prima facie,* a bond should have been required of the executor equal in value to the whole estate, both real and personal.

3. SAME. *Legatees as sureties on bond.*

   Legatees under such will, having no other property except that to be derived through the will, are not sufficient sureties on the bond of the executor.

APPEAL from the Chancery Court of Montgomery County.

HON. R. W. WILLIAMSON, Chancellor.

In March, 1885, W. H. Witty died, leaving a will, one of the provisions of which was as follows, to wit: "I am now engaged in a mercantile business, and may be so engaged at the time of my

decease.  If I should be so engaged at the time of my decease, then to the end that said business may be managed and closed in such manner as will best promote the interest of my estate, it is my desire that my said executors continue such mercantile business as I might be engaged in at my decease for a period of one or two years thereafter, if, in the exercise of their sound judgment, they should believe the interest of my estate would be promoted by so doing.  It is my further desire that my executors have full authority to contract any and all debts they may deem necessary and that may be incident to the carrying on of said business, and to do any and all acts and things they may deem necessary for the proper conduct and management of said business for a period not to exceed two years after my decease, and to charge my estate with the indebtedness that may be so contracted."  P. D. Witty and C. J. Nelson were made executors, and they qualified and gave bond in the sum of twenty-five thousand dollars.  The sureties on the bond were six of the heirs and legatees, among whom was Kate B. Ellis, who was afterward relieved.  Mrs. Ellis then filed a petition, setting out that W. H. Witty's estate consisted of about twenty-five thousand dollars real and twenty-five thousand dollars personal property, and asked that the bond be increased to fifty thousand dollars; that the sureties on the bond had no property except what they would take under the will, and asked that additional sureties be required.  The defendants answered, admitting substantially the facts set out, and alleging that about twelve thousand five hundred dollars of the personal estate had already been paid out.  The Chancellor on final hearing dismissed the petition.  The petitioner, Mrs. Ellis, appealed.

*W. C. McLean,* for the appellant.

1. We maintain that the executor must give bond in a penalty equal to the value of the personal and real estate.  We cannot see how this can be questioned.  Section 1981, Code of 1880, says that the executor shall give bond " in such penalty as will be equal to the *full value* of the *estate* at least."

This particular case fitly and well illustrates the wisdom of the legislature in requiring of executors a bond equal to the value of

both real and personal estate. 1st. Perhaps the executors under the will have the power to sell the real estate. 2d. They have the power to bind the real estate for any debt which they may see fit to contract in the mercantile business. Would any one hesitate to sell the executors a bill of goods equal to the full value of the real estate? No. Well, the executors buy the goods upon the faith of the real estate, convert the goods into money, and then transfer the money into their own pockets. What is to prevent them from doing this, except their own integrity? Nothing under the sun. Where, then, is the security of the devisees?

2. We submit that the widow and the four children, who are the sureties, constitute no security. It is a farce to say that they should be accepted as sureties. Why? Because the only property in the wide, wide world which they own is the identical property which passes through the hands of the executors. The question as to whether these sureties constitute any security for petitioner and the two minors depends entirely upon the faithful performance by the executors of their duties.

*Sweatman, Trotter & Trotter,* for the appellees.

1. To require a personal representative, be he an executor or administrator, to give bond to cover the realty is to adopt a practice hitherto unknown. As we understand, such was not the practice previous to the adoption of the Code of 1857. Then the words, "equal to the full value of the estate at least," had a construction accepted and acted on by the courts to mean the full value of the estate to be administered. Why, then, should this generally received construction of the statute be changed because another section was made a little more specific in its description of the word estate?

2. The security is abundant, unless it can be shown that the realty may be charged with debts under the will. Nothing in the petition filed by Mrs. Ellis, or in any of the papers in the cause, show that in April last the executors, "in the exercise of their sound judgment," determined to continue the mercantile business left by the testator, or that they are now or ever have been carrying on said business. And we have looked in vain for anything

---

---

in the will that authorizes the executors to make a charge upon the estate, except in the event of a continuation of the testator's business.  And this we conceive to be conclusive of this objection.

CAMPBELL, J., delivered the opinion of the court.

The term " *estate*" in § 1981 of the code has relation to the rights, powers, and duties of the executor or administrator with the will annexed.  It is variable in its import, and determinable by the circumstances of each case.  If the personal estate is small in value and the real estate large, and no power is conferred on the executor as to the real estate, there would be no propriety in requiring of the executor a bond to cover the value of the realty ; and if the personal estate was large and the real estate small, and the personalty was all bequeathed and to go immediately to legatees, while power was conferred on the executor over the realty, it would be improper to exact a bond in the full value of the personal as well as real estate as the condition of granting letters.  The powers and duties of an administrator are defined by law, and the bond prescribed for him to obtain letters is " the value of all the personal estate" (§ 1995), because all such estate is committed to him, but the powers of the executor depend upon the will (§ 1983).  Therefore, reference should be had to the will, in order to determine what estate is committed to him, and a bond should be required of him equal in its penalty to the full value of that.

In this case power is plainly conferred on the executors to charge the whole estate of the testator in a certain contingency, that is : if the testator was engaged in mercantile business at his death, and the executors determined to continue it, as authorized by the will, and contract debts incident to it.  What are the facts as to this does not appear in the record.  *Prima facie*, a bond should have been required in this case equal to the full value of the whole estate, real and personal, since power over all was conferred on the executors.

The sureties on the bond, being legatees, with no property except as derived from the testator under his will, are not sufficient.

*Decree reversed and cause remanded.*